UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| THOMAS SPOTTED BEAR,<br><br>                 Plaintiff,<br><br>vs.<br><br>JUDGE WAMNI BEAR RUNNER;<br>ATTORNEY SUSAN SHANGREAUX; and<br>MIRIAN LONE WAR,<br><br>                 Defendants. | 5:25-CV-05046-RAL<br><br>ORDER VACATING PREVIOUS ORDER GRANTING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND DIRECTING PAYMENT OF INITIAL PARTIAL FILING FEE, GRANTING SECOND MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS, DENYING MOTION TO MAKE PAYMENT PLAN, AND DENYING MOTION TO APPOINT COUNSEL |

Plaintiff Thomas Spotted Bear filed a pro se civil rights lawsuit while he was incarcerated at the Adult Offender Facility in Pine Ridge, South Dakota. Doc. 1. He filed a motion for leave to proceed in forma pauperis and provided a prisoner trust account report. Docs. 2, 3. On July 10, 2025, this Court granted Spotted Bear's motion for leave to proceed in forma pauperis and ordered that he pay an initial partial filing fee of $7.58 by August 8, 2025. Doc. 14. On the same day the July 10 Order was issued, Spotted Bear filed a new motion for leave to proceed in forma pauperis and an updated prisoner trust account report. Docs. 12, 13. This Court's Order, Doc. 14, was issued before the Court was able to review either of Spotted Bear's July 10 filings. On August 11, 2025, Spotted Bear filed a motion to make a payment plan for paying the full amount of his filing fee. Doc. 16.

I.  **Applicability of PLRA**

At the time Spotted Bear filed his complaint and both motions to proceed in forma pauperis, he was an inmate at the Adult Offenders Facility. Docs. 1, 2, 12. In his second motion for leave

to proceed in forma pauperis, Spotted Bear stated that he expected to be released from custody on October 15, 2025. Doc. 12 at 1. Before the Court ruled on Spotted Bear's second motion for leave to proceed in forma pauperis, he was released from custody.[1]

Under the Prison Litigation Reform Act (PLRA), a prisoner who "brings a civil action or files an appeal in forma pauperis . . . shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). But circuit courts are split on whether the PLRA continues to apply after the prisoner is released during litigation. See Carson v. Tulsa Police Dep't, 266 F. App'x 763, 766–67 (10th Cir. 2008) (describing split in authority); see also Domino v. Garland, No. 20-CV-2583, 2021 WL 1221188, at *1 (D. Minn. Apr. 1, 2021).

The United States Courts of Appeals for the Second, Fourth, and Sixth Circuits have held that, under the PLRA, "a prisoner is obligated to pay assessed fees and costs only while he or she remains incarcerated," and "[a]fter release, the obligation to pay the remainder of the fees is to be determined solely on the question of whether the released individual qualifies for pauper status." In re Prison Litig. Reform Act, 105 F.3d 1131, 1139 (6th Cir. 1997); see also McGann v. Comm'r, Soc. Sec. Admin., 96 F.3d 28, 29–30 (2d Cir. 1996); DeBlasio v. Gilmore, 315 F.3d 396, 397 (4th Cir. 2003). By contrast, the Fifth, Seventh, and D.C. Circuits hold, based on the plain language of § 1915(b)(1), that a complainant must pay the full amount of the filing fee if the complainant was a prisoner when the action was commenced. See Gay v. Tex. Dep't of Corr. State Jail Div., 117 F.3d 240, 241–42 (5th Cir. 1997); Robbins v. Switzer, 104 F.3d 895, 897–99 (7th Cir. 1997); In re Smith, 114 F.3d 1247, 1251 (D.C. Cir. 1997).

---

[1] Spotted Bear is not listed as an inmate on the inmate listing portal for the Adult Offenders Facility. See Inmates, Pub. Safety Suite Pro, https://oglala-pd-sd.zuercherportal.com/#/inmates (last visited Nov. 17, 2025).

2

The Eighth Circuit has not expressly weighed in on this issue but the court's holding in Tyler is instructive. See In re Tyler, 110 F.3d 528, 529–30 (8th Cir. 1997). There, the court denied the plaintiff's motion to proceed in forma pauperis and refused to address the merits of the plaintiff's mandamus petition until the requisite financial obligations were met. Id. The court explained that because the plaintiff had previously filed three improper actions, he was no longer eligible for a § 1915(b) installment plan. Id. at 529; see also 28 U.S.C. § 1915(g) (stating that a prisoner is not eligible for a reduced filing fee or an installment payment plan "if the prisoner has, on 3 or more prior occasions . . . brought an action . . . that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim"). As such, the court ordered the plaintiff to pay the filing fee in full, noting that "[e]ven if [plaintiff]'s petition is dismissed, [plaintiff] will still be assessed the full filing fee because the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal." Tyler, 110 F.3d at 529–30.

Based on this language, courts within the Eighth Circuit have held that if a prisoner filed the action while in custody, they remain liable for the filing fee even if they are later released from custody. See Domino, 2021 WL 1221188, at *1 n.3 (stating that the "holding in Tyler that the fee obligation imposed by § 1915(b)(1) is triggered at the time the action is filed . . . is consistent with the conclusion that a complainant who filed an action when he was a prisoner remains liable for the filing fee if he is subsequently released from custody"); Counts v. Missouri, 4:24-CV-01437-MTS, 2025 WL 812276, at *3 (E.D. Mo. Mar. 13, 2025) (stating that, in light of the Eighth Circuit's decision in Tyler, the § 1983 plaintiff was "responsible for the entire [filing] fee because the full fee was assessed against him prior to his release from custody"); McFee v. Minnesota, No. 11–3614, 2012 WL 514708, at *3 nn.5–6 (D. Minn. Jan. 24, 2012), report and recommendation adopted, 2012 WL 512611 (D. Minn. Feb. 15, 2012) (recognizing that the plaintiff must pay the

filing fee, despite having been released from custody before the court ruled on the motion for IFP); Williams v. Doe #1, No. 4:06CV1344, 2006 WL 3804027, at *1 n.1 (E.D. Mo. Nov. 7, 2006) (noting "§ 1915(b)(1) continue[d] to apply" despite litigant's release). But see Clark v. Wood, No. 4:20-CV-1215-JAR, 2021 WL 1873561, at *1 (E.D. Mo. May 10, 2021) (stating that if a plaintiff was released from custody before the court ruled on the IFP motion, the court will consider the motion under the non-prisoner standard in 28 U.S.C. § 1915(a)(1)).

This Court finds that applying the PLRA to Spotted Bear, who filed this action when an inmate though he has been released from custody subsequently, best adheres to the plain language of the PLRA and the Eighth Circuit's holding in Tyler.[2] Because Spotted Bear filed this action while he was in custody, he is liable for the full filing fee. See 28 U.S.C. § 1915(b)(1).

## II. Spotted Bear's Second Motion for Leave to Proceed In Forma Pauperis

In its Order granting Spotted Bear's initial motion for leave to proceed in forma pauperis, this Court calculated Spotted Bear's initial partial filing fee to be $7.58 based on the information he provided in his first prisoner trust account report. Doc. 14. The initial partial filing fee that accompanies an installment plan is calculated according to 28 U.S.C. § 1915(b)(l), which requires a payment of 20 percent of the greater of:

> (A) the average monthly deposits to the prisoner's account; or
> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

28 U.S.C. § 1915(b)(l). In his second prisoner trust account report, filed on the same day as this Court's July 10 Order, Spotted Bear reported an average monthly balance for the past six months of $22.00 and an average monthly deposit of $20.00. Doc. 13 at 1. Based on this new information,

---

[2] This application of the PLRA is consistent with other cases in the District of South Dakota. See Hilston v. Lincoln Cnty. Cir. Judges, 782 F. Supp. 3d 712, 715–718 (D.S.D. 2025); Bell v. Bittinger, No. 4:24-CV-04152-LLP, 2025 WL 1424903, at *1–2 (D.S.D. May 16, 2025).

this Court vacates its previous order granting Spotted Bear's motion for leave to proceed in forma pauperis and requiring him to pay an initial partial filing fee of $7.58, Doc. 14, and grants Spotted Bear's second motion for leave to proceed in forma pauperis, Doc. 12. Based on the updated information in Spotted Bear's second prisoner trust account report, this Court directs him to pay an initial partial filing fee of $4.40, which is 20 percent of the average monthly balance provided in Spotted Bear's updated prisoner trust account report.[3] Spotted Bear must pay the initial partial filing fee of **$4.40 by December 20, 2025**. His failure to pay the initial partial filing fee by December 20, 2025, will result in the dismissal without prejudice of his complaint.

### III.    Motion for Payment Plan

Spotted Bear also filed a motion for a payment plan, requesting that he be able to make partial payments on the 29th of each month until his filing fee is paid in full. Doc. 16 at 1. But this Court has determined that the provisions of the PLRA apply to Spotted Bear even though he has been released from custody, and the PLRA establishes a payment plan. As discussed above, Spotted Bear owes an initial partial filing fee of $4.40 based on the information contained in his prisoner trust account report. In order to pay the rest of the filing fee, Spotted Bear must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the court as follows:

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the

---

[3] Spotted Bear has another pending case in the District of South Dakota that was filed while he was incarcerated, Spotted Bear v. Long, 5:25-CV-05054-RAL. Spotted Bear filed prisoner trust account reports on the same day, containing the same information, in both cases. Spotted Bear v. Long, 5:25-CV-05054-RAL at Doc. 7. This does not change the Court's calculation of Spotted Bear's initial partial filing fee in this case because "[i]t is undisputed that the initial partial filing fee is to be assessed on a per-case basis, i.e., each time the prisoner files a lawsuit." Bruce v. Samuels, 577 U.S. 82, 84 (2016).

>prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

Id. The installments will be collected pursuant to this procedure if Spotted Bear returns to custody. The Clerk of Court will send a copy of this order to the appropriate financial official at the institution that previously housed Spotted Bear. Spotted Bear remains responsible for the entire $350 filing fee. See Tyler, 110 F.3d at 529–30.

"As a practical matter, because [Spotted Bear] is no longer a prisoner as defined in 28 U.S.C. § 1915(h), the fee payment provisions of § 1915(b)(2) cannot be implemented at this time. Should [Spotted Bear] be a prisoner in the future, § 1915(b)(2) might then become applicable." Domino, 2021 WL 1221188, at *2 n.4; see also McFee, 2012 WL 514708, at *3 n.6 (stating that because the plaintiff was released, the fee payment provisions under § 1915(b)(2) cannot be utilized, but noting that if the plaintiff ever returns to custody by violating his terms of release or committing a new crime, § 1915(b)(2) will then become applicable). Because the PLRA applies and establishes a payment plan for Spotted Bear's full filing fee, his motion to make a payment plan, Doc. 16, is denied, and his filing fee shall be collected pursuant to the provisions of the PLRA.

### IV.  Motion to Appoint Counsel

Spotted Bear has also filed a motion to appoint counsel. Doc. 4. "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." Stevens v. Redwing, 146 F.3d 538, 546 (8th Cir. 1998). In determining whether to appoint counsel to a pro se litigant, this Court considers "the complexity of the case, the ability of the indigent litigant to investigate the facts, the existence of conflicting testimony," and the litigant's ability to present his claims.

Id. Currently, Spotted Bear appears able to investigate the facts and present his claims adequately, and his filings thus far demonstrate his ability to litigate his claims to this Court.

Considering these factors, this Court does not deem it necessary to appoint counsel at this stage in litigation. This Court is aware that this situation may change as litigation progresses. As the United States Court of Appeals for the Eighth Circuit instructs, the Court will "continue to be alert to the possibility that, because of procedural complexities or other reasons, later developments in the case may show either that counsel should be appointed, or that strict procedural requirements should, in fairness, be relaxed to some degree." Williams v. Carter, 10 F.3d 563, 567 (8th Cir. 1993) (citations omitted). This Court believes that Spotted Bear is capable of pursuing his claims pro se at this phase of litigation, and his motion to appoint counsel, Doc. 4, is denied at this time.

## V.     Conclusion

Accordingly, it is

ORDERED that this Court's Order, dated July 10, 2025, granting Spotted Bear's motion for leave to proceed in forma pauperis and directing payment of an initial partial filing fee of $7.58, Doc. 14, is vacated. It is further

ORDERED that Spotted Bear's second motion for leave to proceed in forma pauperis, Doc. 12, is granted. Spotted Bear will make a payment of **$4.40 by December 20, 2025**, made payable to the Clerk, U.S. District Court. If Spotted Bear does not pay the initial partial filing fee by December 20, 2025, his complaint will be dismissed without prejudice. It is further

ORDERED that the Clerk of Court will send a copy of this order to the appropriate financial official at Spotted Bear's institution. It is further

ORDERED that Spotted Bear's motion to make a payment plan, Doc. 16, is denied. It is finally

ORDERED that Spotted Bear's motion to appoint counsel, Doc. 4, is denied.

DATED November 20th, 2025.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE